*In re* FÉLIX TORRES SANTIAGO, querellado.

*Número:* O-67-5    *Resuelto:* 30 de junio de 1967

*J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Subprocurador General,* abogados de El Pueblo; *S. L. Lagarde Garcés* y *Manuel Abréu Castillo,* abogados del querellado.

### RESOLUCIÓN

En cumplimiento de Resolución que dictamos el 17 de noviembre de 1966 el Procurador General presentó querella de desaforo contra el abogado-notario Félix Torres Santiago imputándole la comisión del siguiente cargo:

"El referido Félix Torres Santiago al autorizar en su carácter de notario público el affidavit número 6930 el día 19 de octubre de 1965, voluntariamente y a sabiendas violó las disposiciones de la Ley 'Estableciendo un Registro de Affidavits o Declaraciones ante notarios y otros Funcionarios', faltando a su fe notarial al autorizar por dicho affidavit un traspaso de vehículo de motor sin conocer personalmente a uno de los otorgantes ni cerciorarse de su identidad mediante testigos de conocimiento,

dando lugar a que dicho otorgante falsificare la firma perteneciente a otra persona."

Designamos al Juez Daniel López Pritchard para actuar de Comisionado Especial a los efectos de oír y recibir la prueba que las partes pudieran presentarle, certificar la misma y remitirla a este Tribunal con sus conclusiones de hecho. Celebrada la vista, dicho Comisionado Especial rindió el siguiente informe que fue recibido en unión a la prueba certificada:

### "Informe y Determinaciones de Hecho del Comisionado Especial

El 21 de febrero de 1967 el Hon. Tribunal Supremo de Puerto Rico designó al Juez suscribiente para que, actuando como 'Comisionado Especial' oyese y recibiese la prueba que las partes pudieran presentarle en relación con la querella que contra Félix Torres Santiago, abogado y notario, formuló el Procurador General de Puerto Rico.

Previa autorización del Hon. Tribunal Supremo de Puerto Rico dada en resolución del 30 de marzo de 1967 se señaló la vista correspondiente para el día 28 de abril de 1967 a las nueve de la mañana en el Salón de Sesiones Núm. 1 del Tribunal Superior, Sala de San Juan, Asuntos de lo Criminal.

En dicho día compareció el querellado Félix Torres Santiago personalmente y asistido de sus abogados los Licenciados Benicio Sánchez Castaño y Manuel Abréu Castillo y el Procurador General representado por los Licenciados Elpidio Arcaya y J. F. Rodríguez Rivera, manifestando estar las partes listas para la vista señalada.

Se estipuló por las partes que Félix Torres Santiago es abogado y notario público, que fue admitido al ejercicio de la profesión legal por el Hon. Tribunal Supremo el 5 de marzo de 1963 e inició la práctica del notariado a partir del 27 de marzo de 1963, y que el affidavit número 6930 otorgado el 19 de octubre de 1965 fue otorgado, reconocido y suscrito por el querellado en su condición de notario. Se estipuló la declaración del testigo Segundo Correa Ortiz, custodio del expediente del Departamento de Obras Públicas relacionado con el vehículo tablilla número 872553, y prestaron testimonio oral Mórtimer Vélez

Soto y José A. Pérez Rosa. Se ofreció en evidencia por parte tanto del querellante como del querellado la declaración jurada prestada por el querellado ante el Hon. Nunzio Frattallone Di Gangi, Fiscal Especial General, el día 8 de julio de 1966 y como prueba del querellante se ofreció en evidencia, además, un expediente de Obras Públicas relacionado con el vehículo tablilla número 872553 y a los fines de identificar la firma de José A. Pérez Rosa, fotocopia de una licencia de vehículo de motor.

Después de oída y estudiada la prueba, tanto oral como documental, aportada por ambas partes y admitida sin objeción, el 'Comisionado Especial' hace las siguientes:

CONCLUSIONES DE HECHO

1. El querellado Félix Torres Santiago es abogado y notario, habiendo sido admitido al ejercicio de la profesión legal por el Hon. Tribunal Supremo el 5 de marzo de 1963 y habiéndose iniciado en la práctica del notariado a partir del 27 de marzo de 1963.

2. Que el referido Félix Torres Santiago el día 19 de octubre de 1965 y en su carácter de notario público otorgó y suscribió el affidavit número 6930, siendo los otorgantes José A. Pérez Rosa y Vladimir Torrado Valle.

3. Que el Sr. Mórtimer Vélez Soto residente de Juana Díaz, Puerto Rico es la misma persona que compareció ante el querellado el 19 de octubre de 1965 y otorgó el affidavit número 6930 suscribiendo el nombre de Vladimir Torrado Valle. Con anterioridad al acto del otorgamiento de dicho affidavit este otorgante no era conocido del notario autorizante.

4. Al otorgarse el affidavit número 6930 ante el querellado el día 19 de octubre de 1965 estaban presentes los dos otorgantes y el notario exclusivamente, no habiéndose utilizado testigos de conocimiento.

San Juan, Puerto Rico, a 24 de mayo de 1967.

(Fdo.) DANIEL E. LÓPEZ PRITCHARD

DANIEL E. LÓPEZ PRITCHARD

COMISIONADO ESPECIAL."

El Procurador General Interino aceptó dicho informe y sus determinaciones de hecho. El querellado también, pero

solicitó que en las determinaciones de hecho "se haga constar que al querellado le fue presentado Vladimir Torrado Valle con tal nombre por el otro contratante José A. Pérez Rosa." Por resolución separada así lo hizo constar el Comisionado Especial.

Hemos leído detenidamente la transcripción de las declaraciones de Mórtimer Vélez Soto y José A. Pérez Rosa, únicos testigos oídos en la vista. Hemos estudiado la declaración jurada prestada por el querellado el 8 de julio de 1966 ante el fiscal Nunzio Frattallone Di Gangi que fue ofrecida y admitida como única prueba suya, y, además, la otra prueba documental recibida en el caso. A juicio nuestro, toda esa prueba sostiene y justifica las determinaciones de hecho transcritas.

En la declaración jurada del querellado se hace constar:

"F. ¿Conoce usted al señor José A. Pérez Rosa?

T. Le conozco de vista.

F. ¿Recuerda usted la transacción mencionada en las advertencias hechas?

T. Sí, señor, la recuerdo.

F. ¿Quiere dar detalles sobre la misma?

T. El día a que se refieren estos hechos estaba solo en mi oficina y aparecieron dos individuos y anunciaron que deseaban hacer el traspaso de un vehículo de motor. Les pregunté sus nombres, primero al vendedor, quien dijo llamarse Vladimir Torrado Valle. Este era un hombre alto, aparentemente quemado por el sol, le pregunté su nombre y dijo llamarse Vladimir Torrado Valle, le pregunté si debía a alguna compañía de estas financiadoras de este carro y me dijo que no debía nada a nadie. Le pregunté además si tenía alguna identificación encima y me dijo que sí, que tenía una tarjeta de Seguro Social y le pregunté si tenía su licencia de conducir vehículos para cerciorarme si su retrato estaba al dorso y me dijo que no la tenía consigo, no tenía su licencia consigo ni ninguna otra identificación y me fijé en su tarjeta de Seguro Social y era a nombre de Vladimir Torrado Valle, la cual entregué de nuevo a él. Luego tomé la licencia del vehículo de motor que me presentó como la del vehículo, la examiné y decía el nombre de Vladimir Torrado Valle,

con dirección en Arecibo, Box 445, Arecibo, Puerto Rico. Entonces procedí a tomar de la licencia que se me presentó el número de la tablilla que era 872-553. Tomé el número del motor y la marca del vehículo y, asimismo, tomé el número del marbete que había sido expedido por Obras Públicas. Luego de tomar estas notas, le pregunté al señor José A. Pérez Rosa su dirección y que si estaba conforme con el negocio que había hecho, y me dijo que sí, que estaba conforme y que él creía que era un buen negocio para él. Luego de haberle tomado también la dirección al señor José A. Pérez Rosa, quien dijo vivir en la Calle Izcoa Díaz 1208, de Río Piedras, procedí a poner los nombres del vendedor y luego del comprador al dorso de la licencia del vehículo, no sin antes haber exigido a la persona que se dijo llamar Vladimir Torrado Valle que firmase en mi presencia y en presencia del señor Pérez Rosa la licencia del vehículo y, asimismo, lo hizo el señor Pérez Rosa como que había recibido del señor Torrado Valle el vehículo de referencia. Luego de tomar estas notas y el señor Vladimir Torrado Valle afirmado que era el dueño del vehículo, procedí a hacer la anotación en mi libro de Affidavits y le dí el número de Affidavit 6930, el cual informé al Tribunal Superior de Puerto Rico en el informe semanal. Estampé mi sello en el documento y procedí a firmarlo delante de ellos también. Quiero aclarar que solamente habíamos tres personas en la oficina, el vendedor, el comprador y este servidor de usted.

F. ¿Recuerda usted si la persona que dijo llamarse Vladimir Torrado Valle se presentó a usted por el nombre de Mórtimer Vélez Soto, o por el apodo de Morty?

T. No, señor, en ningún momento él dijo llamarse Mórtimer o Morty.

F. ¿En algún momento al entrar a su oficina en esa ocasión el señor José A. Pérez Rosa le presentó a usted al vendedor del vehículo como el señor Mórtimer Vélez Soto o Morty?

T. Siempre lo presentó como Vladimir Torrado Valle.

F. ¿El mismo Pérez Rosa?

T. Sí, señor.

F. ¿Así que tengo entendido que usted conocía al señor Pérez Rosa de vista?

T. Lo había visto en otra ocasión.

F. ¿Y que el señor José A. Pérez Rosa presentó a usted al vendedor como el señor Vladimir Torrado Valle?

T. Correcto, así es.

F. ¿Y en algún momento hubo traspaso de dinero en su presencia?

T. No hubo traspaso de dinero en mi presencia.

F. Mostrándole al testigo copias fotostáticas de licencia para vehículo de motor relacionado con un Chevrolet de 1964, con número de tablilla 872-553 y número de motor 41847T218110 a nombre de Vladimir Torrado Valle y copia fotostática también del dorso de dicha licencia sobre traspaso de vehículo de fecha 19 de octubre de 1965. ¿Tiene usted dificultad en reconocer estos documentos?

T. No tengo dificultad de reconocer esos documentos ya que son los mismos que me presentó el señor Vladimir Torrado Valle en mi oficina y del cual aparece en mi affidavit.

F. ¿Al referirse usted a la firma que puso el señor Vladimir Torrado Valle en su presencia se refiere a la firma que aparece en el lado izquierdo en alto del dorso de la licencia?

T. Sí, señor. Fue la primera persona que endosó dicha licencia como vendedor.

F. ¿Y la segunda firma que sigue es la que puso el señor Pérez Rosa en su presencia?

T. Sí, señor, esa es la firma que hicieron ellos en mi presencia.

F. ¿Puede usted decirme si todo lo demás que aparece es letra suya?

T. Sí, señor, con la excepción de un número que aparece en el lado izquierdo abajo como el de '911, 78' y una tachadura, eso no recuerdo haberlo puesto.

F. ¿Notá usted que al firmar como Vladimir Torrado Valle la firma lee 'Vlameder Torrado Valle'?

T. No le puse atención a ese detalle sino que lo vi firmar.

F. ¿Recibió usted alguna retribución por ese servicio?

T. Creo que pagaron 3 ó 5 dólares, no recuerdo con exactitud.

F. ¿Quién lo pagó?

T. No recuerdo cuál de los dos pagó el emolumento ese.

F. ¿Usted dice que conocía de vista al señor José A. Pérez Rosa, le pidió al señor José A. Pérez Rosa identificación?

T. No le pedí ninguna ya que era el adquirente, solamente le pedí su dirección.

F. ¿Le preguntó al señor Pérez Rosa si él conocía al señor Vladimir Torrado Valle?

T. Sobre ese particular no le pregunté.

F. ¿Quiere añadir algo más?

T. Quiero aclarar que en ningún momento me dio sospecha de que éste no fuese la persona que vendía ya que se identificó ante mí, y en segundo lugar, no hicieron ningún negocio en mi oficina sino que era un negocio que previamente habían hecho, y para mí siempre sigue siendo Vladimir Torrado Valle porque fue la persona que se identificó ante mí como Vladimir Torrado Valle.

F. ¿Ha vuelto usted a ver a Vladimir Torrado Valle o a José A. Pérez Rosa?

T. A Vladimir no lo he visto más, a Pérez Rosa le vi un día en la Corte Superior."

La Sec. 3 de la ley que establece el Registro de Affidavits o Declaraciones Juradas, de 12 de marzo de 1908, exige que el funcionario autorizante exprese siempre "que conoce personalmente al interesado, o a los testigos de conocimiento." Permite esa ley que cuando el funcionario no conozca personalmente al otorgante se asegure de tal conocimiento "por el dicho de los dos testigos que también suscriben" y a quienes debe conocer.

El notario querellado obviamente no conocía a la persona vendedora del automóvil que suscribió ante él la constancia del traspaso de licencia; sólo conocía "de vista" al comprador. Éste, parte en la venta, es quien se lo presenta al notario con el nombre de Vladimir Torrado Valle, que correspondía a otra persona. El verdadero nombre de ese supuesto vendedor era Mórtimer Vélez Soto. No intervienen testigos de conocimiento.

Es verdad que el notario se valió de ciertos documentos que estaban en posesión de Mórtimer, tratando averiguar la identidad de éste. Pero a tal procedimiento sólo se permite recurrir al notario cuando se otorga una escritura, en "casos graves y extraordinarios en que a un notario le sea imposible dar fe del conocimiento de los otorgantes",

como lo dispone la Sec. 16 de la Ley Notarial en los siguientes términos:

"En tales casos graves y extraordinarios en que a un notario le sea imposible dar fe del conocimiento de los otorgantes, ni puedan éstos presentar un testigo o testigos de conocimiento, lo expresará así, designando los documentos que le presentaren como prueba de su nombre, estado y vecindad, y refiriendo además el motivo del caso grave o extraordinario."

En la vista se presentó una carta escrita por dicho Mórtimer Vélez Soto, unos doce días después de autorizado el traspaso por el querellado y que dice así:

"Juana Díaz, P.R.
10 de nov. de 1965

Departamento de Obras Públicas
División Vehículos de Motor
Santurce, P.R.

Señores:

Por la presente solicito de Uds. dar de baja las tablillas no. 872-553, correspondientes al carro Chevrolet 1964, ex propiedad del Sr. Blademir Torrado Valle.

Esta unidad, declarada pérdida total, fue adquirida por el Garage Morty, Juana Díaz, P.R., en subasta del mes de junio de 1965, a la compañía Insular Underwriters.

Dicha unidad se encuentra en venta para piezas en mi garage Yunk en Juana Díaz, P.R. *Cualquier trámite a llevarse a cabo con dichas tablillas necesito ser notificado inmediatamente.*

Muchas gracias,

Sr. Mortimer Vélez
Garage Morty
Las Flores 147
Juana Díaz, P.R."

Si el notario hubiese conocido al verdadero Vladimir Torrado Valle, o se hubiera valido de dos testigos de conoci-

miento, difícilmente se hubiera perpetrado la falsificación de la firma de éste.

Dijimos en *In re Aponte*, 79 D.P.R. 3, 13 (1956):

"No hay duda de que al actuar en la forma en que lo hicieron los querellados han faltado a la fe notarial en ellos depositada. El ejercicio de la profesión de abogado-notario exige que las personas investidas de tan alto ministerio procedan siempre no sólo con el mayor celo, sino también que cumplan estrictamente con la ley y con los deberes a ellos impuestos. Los querellados, al actuar en la forma en que lo hicieron, ni actuaron con celo en el ejercicio de su ministerio, ni dieron cumplimiento a las disposiciones de la ley antes copiada."

Considerando las circunstancias concurrentes se disciplina al notario querellado Félix Torres Santiago imponiéndosele el pago de una multa de doscientos ($200) dólares que deberá depositar en la Secretaría de este Tribunal dentro del término de treinta (30) días a partir de la notificación de la presente resolución.

*Lo acordó el Tribunal y firma el Señor Juez Presidente.*

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*