Rodríguez García, Juez Ponente
*931 TEXTO COMPLETO DE LA RESOLUCION
Resolvemos mediante la presente sentencia, dos casos que hemos consolidado para disposición por tratarse de idéntica situación de hechos, los cuales son los que de inmediato se relacionan.
Hechos del caso de Pueblo v. Cecilio Borrero Rivera, AVP 98-882, sobre Art. 87 del Código Penal.
En este caso, en 3 de abril de 1998, la Juez Jeanette González Acevedo, Juez del Tribunal de Primera Instancia, Sala de Distrito de Aguadilla, determinó causa para arrestar al imputado Cecilio Borrero Rivera por infracción al Art. 87 del Código Penal, negligencia crasa y temeraria al conducir un vehículo de motor, y causar la muerte a dos personas, Ferdinand Delgado Hernández y Auraliz Serrano Monroig.
Se señaló la vista preliminar para el día 30 de abril de 1998, y esta vista no se celebró por estar ausentes dos (2) de los cuatro testigos del Pueblo. En esta fecha el acusado renunció expresamente a los términos de rápido enjuiciamiento de la Regla 64 (n) de Procedimiento Criminal.
En 30 de junio de 1998 tampoco se pudo celebrar la vista preliminar porque esta vez no compareció la prueba de cargo y el imputado tampoco compareció; alegadamente se equivocó de fecha. Se reseñaló la vista para el día 13 de agosto de 1998.
Aquel 13 de agosto de 1998, la prueba de cargo no se encontraba presente, por lo que no se pudo celebrar la vista preliminar. En esta ocasión, sin celebrar la vista preliminar, el Magistrado que presidía la vista, Hon. Ramón E. Febus Bemardini, determinó "que no había causa" para acusar, debido a la ausencia de la prueba del Pueblo.
Hechos del caso de Pueblo v. Ramón Rosa Ramírez, AIV-98-00805 y AIV-98-00806, sobre los Arts. 401 y 412 de la Ley de Sustancias Controladas.
En este caso, en 8 de abril de 1998, el Juez Mariano Ramírez Benet, Juez del Tribunal de Primera Instancia, Sala Municipal de Aguadilla, determinó causa para arrestar al imputado Cecilio Borrero Rivera por infracción de los Artículos 401 y 412 de la Ley de Sustancias Controladas. Se le imputó poseer la sustancia denominada como cocaína, así como parafemalia utilizada en el proceso de "cortarla" y venderla.
En este caso se señaló la vista preliminar para el día 21 de abril de 1998, y esta vista no se celebró porque la defensa presentó una moción bajo la Regla 95 de Procedimiento Criminal solicitando se le entregase copia de la declaración jurada de un agente de la policía que dio base a la expedición de la orden de allanamiento, mediante la cual se ocupó la droga. Esta solicitud fechada en 9 de abril de 1998, se encontraba pendiente de resolver por el Tribunal, por lo que se suspendió la vista preliminar y la defensa renunció a los términos de rápido enjuiciamiento. El Ministerio Fiscal objetó el requerimiento de la defensa en 16 de abril de 1998.
Se reseñaló la vista para el día 28 de mayo de 1998, y en esta fecha no se pudo celebrar la vista porque la defensa insistió en que se encontraba pendiente de disposición la referida moción sobre la Regla 95, y el Tribunal concedió la suspensión. La defensa por segunda vez renunció a los términos de rápido enjuiciamiento, Regla 64(n). Se reseñaló la visa para el día 28 de julio de 1998.
En esta fecha de 28 de julio, la prueba no está completa. La defensa se allanó a la suspensión y renunció al término de rápido enjuiciamiento. Se reseñaló la vista para el día 26 de agosto de 1998.
*932 En esta ocasión el Hon. Ramón E. Febus Bemardini, Magistrado a cargo de la vista, determinó que al no haber comparecido el Agente Ariel Pérez Vega, quien practicó prueba de campo en el caso, no había causa probable, a pesar que el Ministerio Público suplicó un tumo posterior, en caso, potro, señalamiento en fecha posterior próxima.
n
La Regla 23 de Procedimiento Criminal, 33 L.P.R.A. Ap. II, R 23, concede a todo imputado de un delito grave en Puerto Rico, el beneficio del derecho a una vista preliminar, cuyo propósito es primordialmente evitar que se someta a un ciudadano en forma arbitraria e injustificada, a los rigores de un proceso criminal. Pueblo v. Rodríguez Monte, 116 D.P.R. 653 (1985); Pueblo v. Figueroa Castro, 102 D.P.R. 279 (1974); Pueblo v. López Camacho, 98 D.P.R. 700 (1970).
Aunque el derecho a vista preliminar es de rango estatutario y no constitucional, Pueblo v. Martínez Torres, 116 D.P.R. 793 (1986), la garantía Constitucional de rápido enjuiciamiento se extiende y aplica en toda su extensión a los procedimientos de vista preliminar. Pueblo v. Rivera Colón, 119 D.P.R. 315 (1987).
El esquema de la garantía de vista preliminar, previo a someter a un ciudadano a un juicio, ofrece importantes garantías al acusado de delito grave, pero además le concede cierta seguridad al Pueblo de Puerto Rico, ya que El Pueblo obtiene cierta seguridad de que el Ministerio Público cuenta con prueba suficiente para someter al acusado a un juicio, y que ello no resultará en una pérdida de tiempo, de recursos y de esfuerzo. Así, celebrada la vista preliminar inicial, si el Magistrado celebrante determinase que no existe causa probable para procesar al acusado, el Pueblo tiene una segunda oportunidad en una vista preliminar en alzada, con la misma o con una prueba distinta. Pueblo v. Rivera Rivera, _ D.P.R. _ (1996), 96 J.T.S. 92.
Pero, por el contrario, si el Ministerio Público entiende que la prueba desfilada en la vista preliminar no es tan robusta como para trascender el dintel jurídico de "más allá de duda razonable", puede optar por no presentar acusación contra el imputado, Pueblo v. Rodríguez Aponte, 116 D.P.R. 653 (1985), o presentarla por un delito menor incluido. La decisión del Fiscal se ha de basar en el desfile de la prueba en la vista preliminar; por lo tanto, el Magistrado que tiene a su cargo dicha vista, abusa de su discreción cuando coarta o cercena el derecho del Pueblo a tener el desfile de prueba, como sucedió en estos casos.
Aunque la vista preliminar inicial y la vista preliminar en alzada son dos vistas independientes, Pueblo v. Vallone. Jr., 93 J.T.S. 79 (1993), son partes de un mismo y continuo proceso judicial y, por lo tanto, la determinación de no causa probable en una vista preliminar original no equivale automáticamente al fin del procedimiento incoado en contra de un acusado, pero agota una de dos oportunidades que tiene El Pueblo para llevar ajuicio a un acusado de delito grave.
ni
Para que exista una determinación jurídicamente válida en vista preliminar, dicho de otro modo, para que el magistrado celebrante descargue responsablemente la obligación que su cargo le impone, resulta obvio que tienen que concurrir dos elementos: uno, que se celebre la vista, y, dos, que a base de la prueba o la ausencia de prueba, y bajo los criterios de suficiencia establecidos, el Magistrado determine que existe o no, causa probable.
La Regla 23 de Procedimiento Criminal no le concede discreción alguna a un Magistrado para hacer una determinación de que existe causa probable, o de que no existe causa probable, sin recibir prueba alguna, como sucedió en los casos que mediante la presente sentencia resolvemos. No se puede legalmente llenar el formulario de vista preliminar —la forma O.A.T-943-1— haciendo constar que "existe", o que "no existe" causa probable en una vista preliminar, sin celebrar dicha vista.
Sencillamente, si un Magistrado no celebró una vista preliminar, si no escuchó los testigos declarar ni recibió prueba alguna, no puede llevar al récord judicial ni a las estadísticas del Tribunal de Primera Instancia, que cumplió con su encomienda, cuando no la cumplió. Lo mismo exactamente sucede cuando comparece el imputado ante el magistrado y éste personalmente indica que renuncia a la vista preliminar. En estos casos el magistrado no puede resolver que hay causa, porque no ha habido *933 válidamente tal determinación, y lo que ha sucedido es que el imputado renunció a su derecho a que se estableciera, con prueba, la determinación de someterlo a un proceso criminal.
Establece la Regla 23 (c) de Procedimiento Criminal, 34 L.P.R.A. Ap. n, R 23(c):

“Si la persona compareciera a la vista preliminar y no renunciare a ella, el magistrado deberá oír la prueba.

Si a juicio del magistrado la prueba demostrara que existe causa probable para creer que se ha cometido un delito y que la persona lo cometió, el Magistrado detendrá inmediatamente a la persona para que responda de un delito ante la sección y sala correspondiente del Tribunal de Primera Instancia; de lo contrario, exonerará a la persona y ordenará que sea puesta en libertad.

La jurisprudencia interpretativa de la Regla 23, tampoco concede discreción alguna al Magistrado para tomar una determinación en la vista preliminar, sin celebrarse ésta, y sin escuchar la prueba del Fiscal.
Una determinación adversa en vista preliminar puede ocurrir solamente de dos maneras; cuando se determina inexistencia de causa probable, o cuando se determina causa probable por un delito inferior, al que el Fiscal entendía procedente. Pueblo v. Quiñones Román, _ D.P.R. _ (1993), 93 J.T.S. 72.
“En esos casos, nuestro ordenamiento procesal confiere al Fiscal varias opciones. Primeramente, tiene derecho a solicitar una nueva vista preliminar en alzada". R. 24(c), supra. Pueblo v. Rivera Colón, 119 D.P.R. 315, 320 (1987). "Ese derecho es parte principalísima de nuestro ordenamiento procesal, ya que el Fiscal está facultado para iniciar la fase adjudicativa del procedimiento criminal, sólo cuando la determinación de la vista preliminar es positiva”. El Vocero de Puerto Rico v. Estado Libre Asociado, _ D.P.R. _ (1992), 92 J.T.S. 108; Alvarez v. Tribunal Superior, 102 D.P.R. 238 (1974).
IV
En uno de los casos de que disponemos en esta sentencia, la defensa del acusado nos afirma que cuando no se determina causa probable en vista preliminar, el único curso disponible para el Fiscal, si no queda satisfecho, es la vista preliminar en alzada.
Nos indica la defensa que no procede en estas circunstancias la expedición de un auto de certiorari para revisar la determinación de un Magistrado celebrante de una vista preliminar. El señalamiento de la defensa es correcto, y así lo ha manifestado nuestro Tribunal Supremo en innumerables casos, desde Pueblo v. Tribunal Superior, 95 D.P.R. 412 (1967). El problema es que esa doctrina no es aplicable a los casos que aquí resolvemos. Veamos. En Pueblo v. Tribunal Superior, supra, señaló, el Tribunal Supremo, en el 1967 que:
“No procede la expedición del auto solicitado. En primer lugar, los magistrados del Tribunal de Primera Instancia actúan en su capacidad individual en el ejercicio de sus funciones y facultad para determinar la existencia de causa probable para acusar. Sus determinaciones al efecto no son decisiones de un tribunal."
El auto de certiorari se expide por un tribunal superior para revisar los procedimientos de otro tribunal inferior pero no para revisar las determinaciones de . un magistrado sobre la existencia de causa probable en ausencia de ley que así lo autorice. Véase Art. 670 del Código de Enjuiciamiento Civil. (32 L.P.R.A. sec. 3491).
Del mismo modo se expresó en Pueblo v. Tribunal de Distrito, 97 D.P.R. 241, 244 (1969), y en otros casos. Más tarde, en Pueblo v. Opio Opio, 104 D.P.R. 165 (1975), el Tribunal Supremo revocó la decisión en Pueblo v. Tribunal Superior, expresamente:
“El Ministerio Público también insiste en que el juez instructor actúa en la vista preliminar como *934 individuo y no como tribunal. Su posición, fundada en Pueblo v. Tribunal Superior, 95 D.P.R. 412 (1967), no es sostenible. Dicha decisión queda por la presente revocada, al hacer su determinación el magistrado se encuentra entre las partes no como interesado, sino como juez. En su objetivo y función, dicha vista es judicial. Así debe ser la esencia de su procedimiento.” 11 Wright and Miller, Federal Practice & Proccedure, Tomo 1, pág. 141, ed. 1969.
En Pueblo v. Cruz Justiniano, 116 D.P.R. 28, 30 (1984), el Tribunal Supremo se refirió a su posición de Pueblo v. Tribunal Superior, del Tomo 95, cuando indicó en el caso apropiado:
La determinación en los méritos del Juez Superior sobre la existencia de causa probable no es revisable. Pueblo v. Tribunal Superior, 95 D.P.R. 237 (1968). No obstante, cualquier otra determinación de derecho sí puede ser revisada mediante el recurso de certiorari.
La determinación del Hon. Ramón E. Febus Bemardini, actuando como Magistrado en los dos casos del epígrafe, los cuales hemos consolidado para disposición, no se efectuó en los méritos, como correspondía en derecho, sino absolutamente fuera de las prescripciones de las Reglas 23 y 24 de Procedimiento Criminal. Esta actuación de determinar que no había causa probable, en ausencia de un desfile de prueba por el Ministerio Público, y dentro del término estatutario que provee la Regla 64 (n) de Procedimiento Criminal, fue un abuso de discreción y por lo tanto, susceptible de revisión por este Tribunal, mediante los dos recursos de certiorari que hemos consolidado para disposición en esta sentencia... Distinto sería si por consideraciones del derecho del imputado a un juicio rápido, no pudiera señalarse la vista preliminar para recibir la pmeba del fiscal. Sin embargo, ese no fue el caso en los recursos aquí consolidados.
Por los fundamentos antes expresados se revocan los dictámenes del Magistrado, Hon. Ramón E. Febus Bemardini, objeto de los recursos en los casos de Pueblo v. Cecilic Borrero Rivera, Núm. KLCE-98-00995, y Pueblo v. Ramón Rosa Ramírez, Núm. KLCE-98-01044, en ambos casos determinando no causa probable, en vista preliminar en los delitos imputados, y se ordena la celebración de la vista preliminar inicial respecto a ambos imputados, en el término más breve posible, y sin sujeción a calendario.
El Fiscal de Distrito de Aguadilla se ocupará personalmente de que se citen los testigos en cada caso, para que comparezcan sin excusa al próximo señalamiento de estas vistas preliminares.
Notifíquese por la vía ordinaria y adelántese por vía de fax.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General