EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS QUIÑONES NATAL, acusado y apelante.

*Números:* CR-66-191, CR-66-192 *Resueltos:* 25 de mayo de 1967

*Antonio Reyes Delgado* y *Santos P. Amadeo,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Adaljisa Díaz de Collazo, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

El apelante, Luis Quiñones Natal, acusado y convicto de los delitos de portar un arma prohibida (Infracción al Art. 4 de la Ley de Armas—25 L.P.R.A. sec. 414—), y de asesinato en primer grado, fue condenado a un año de cárcel y a reclusión perpetua, por el Tribunal Superior, Sala de Arecibo, en 4 de noviembre de 1965.

Como único error, apunta que el juez sentenciador incidió "al resolver que aun cuando contra el acusado apelante se determinó causa probable por homicidio voluntario el fiscal

podía radicar una acusación por asesinato en primer grado bajo las circunstancias del caso."

En este recurso la representación legal del apelante hace caso omiso del hecho de que en este caso se llevaron a cabo dos procedimientos con anterioridad a la ventilación del proceso. El primero en tiempo se inició en 6 de junio de 1965 con una denuncia contra el apelante ante el juez de paz de Arecibo a los fines de la expedición de una orden de arresto en su contra por un supuesto delito de homicidio voluntario. Se señaló la vista preliminar, en este caso, para el 15 del mismo mes. El apelante renunció a dicha vista en 18 de junio de 1964 y ese mismo día el Tribunal de Distrito, Sala de Arecibo, determinó que existía causa probable para creer que el apelante había cometido ese delito. No se tomó acción posterior alguna en ese procedimiento.

El segundo procedimiento se inició en 25 de junio de 1965, con una denuncia contra el apelante por asesinato genérico jurada por el mismo policía que juró la primera. Ese mismo día se expidió la orden de arresto y se fijó la fianza. Se celebró la vista preliminar en 30 de junio de 1965 y ese mismo día se determinó que existía causa probable para creer que el apelante cometió el referido delito de asesinato genérico. Basada en esta determinación, se formuló la acusación por el delito de asesinato en primer grado en 15 de julio de 1965 la cual sirvió de base para el proceso que se ventiló en este caso.

Se invoca por el apelante la Regla 24(c) de las de Procedimiento Criminal. Dispone dicha Regla que:

"Si, luego de la vista preliminar, el magistrado hiciere una determinación de que no existe causa probable, el fiscal no podrá presentar acusación alguna. En tal caso o cuando la determinación fuere la de que existe causa por un delito inferior al imputado, el fiscal podrá someter el asunto de nuevo con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia."

La citada Regla contempla dos situaciones, la primera que el magistrado hiciere una determinación de que no existe causa probable y la segunda que el magistrado determine que existe causa por un delito inferior. Ninguna de dichas dos situaciones está presente en este caso.

 Sin embargo, si el fiscal consideró que no debía presentarse acusación por el delito de homicidio voluntario debió promover el archivo del expediente, (¹) Regla 24 (b) de las de Procedimiento Criminal. Mas tal omisión no es impedimento para que el fiscal pueda iniciar otro procedimiento por los mismos hechos ya que el hecho de que estuviera pendiente el proceso por homicidio voluntario no impide el inicio de otro proceso, en este caso por asesinato, mientras el acusado no haya sido expuesto a ser convicto bajo el primer proceso. *State* v. *Adjmi*, 170 So.2d 340, 343 (Dist. Ct. App. Fla. 1965); *United States* v. *Bowles*, 183 F.Supp. 237 (USDC D Maine 1958); *United States* v. *Haupt*, 152 F.2d 771, 795 (7th Cir. 1946); *United States* v. *Strewl*, 99 F.2d 474 (2d Cir. 1938); *Kerker* v. *Superior Court*, 259 Pac. 146 (Crim. Ct. App. Okla. 1927); *Roth* v. *United States*, 294 Fed. 475 (6th Cir. 1923); *Thompson* v. *United States*, 202 Fed. 401 (9th Cir. 1913); *Reed* v. *Territory*, 98 Pac. 583 (Crim. Ct. App. Okla. 1908); *People* v. *Barnes*, 66 Cal. 594 (1885).

*Por lo tanto, se confirmarán las sentencias dictadas en estos casos a que se ha hecho referencia previamente.*

El Juez Presidente Señor Negrón Fernández no intervino.

---

(¹) Si se pretendiere procesar al apelante bajo una acusación por homicidio voluntario no se podría ya que al apelante bajo la Regla 64 de las de Procedimiento Criminal se le da derecho a traer una moción para desestimar dicha acusación.