# 98 DTA 154

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL II**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

FRANCISCO J. GUZMAN GONZALEZ
Recurrente

Núm. KLCE-98-00146

San Juan, Puerto Rico, a 10 de marzo de 1998

Panel integrado por su Presidenta, Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se recurre de una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se declaró sin lugar la solicitud de desestimación de las acusaciones al amparo de la Regla 64(p) de Procedimiento Criminal.

Inconforme con la determinación, el peticionario, Francisco Guzmán González acude con un recurso de *certiorari* y moción en auxilio de jurisdicción, para que se paralizara el comienzo del juicio en su fondo, señalado para el jueves 26 de febrero de 1998.

El peticionario alegó la comisión de varios errores que se resumen, a que el tribunal de instancia incidió al denegar la moción de desestimación, al no considerar su hospitalización como justa causa por su incomparecencia a la vista preliminar.

Mediante resolución emitida el 25 de febrero de 1998, paralizamos los trámites en el tribunal de instancia y le requerimos al Procurador General que mostrara causa por lo cual no se concediera el remedio solicitado.

Cumplida nuestra orden, procedemos a expedir el auto solicitado y revocamos la resolución revisada por lo siguientes fundamentos.

## I

Los hechos que dan lugar a las acusaciones presentadas contra el peticionario ocurrieron el 16 de junio de 1997. El caso se sometió en presencia del peticionario para determinación de causa para arresto para el 21 de agosto de 1997. Una vez ordenado su arresto e ingreso al no poder prestar la fianza, se señaló la vista preliminar para el 11 de septiembre. La referida vista preliminar no se celebró porque el peticionario carecía de representación legal, reseñalándose para el 24 de septiembre. Para esa fecha, compareció el peticionario representado por el Lcdo. Joglar y este solicitó que se reseñalara el caso nuevamente por no encontrarse preparado. Se reseñaló para el 29 de octubre, pero nuevamente se suspendió y se pautó para el 11 de diciembre de 1997.

Según surge de la declaración jurada prestada por la alguacil Zaida Rivera Cruz, el día de la vista preliminar el 11 de diciembre durante la mañana, el Lcdo. Joglar le indicó a ésta por teléfono que se quería comunicar con la Hon. Mildred Surén, juez asignada a la vista preliminar, pero ésta le informó que no se encontraba. El Lcdo. Joglar le informó entonces a la alguacil y a la fiscal Mayra López Mulero, que el peticionario se encontraba en la sala de emergencias del Centro de Diagnóstico y Tratamiento de Trujillo Alto. (Ap. 52).

Alrededor del mediodía, el Lcdo. Joglar se comunicó nuevamente con la sala del tribunal recurrido, informando que el peticionario había sido transferido en ambulancia al Hospital de Area de Carolina, no obstante, la alguacil le informó que se había determinado en ausencia causa probable. (Ap. 41).

La lectura de acusación del caso se señaló para el 26 de diciembre de 1997, la que se reseñaló por ser día feriado para el 29 de diciembre. Para ese día no compareció el peticionario ni su abogado y el tribunal ordenó su arresto por su incomparecencia y reseñaló la lectura de la acusación para el 14 de enero de 1998. (Aps. 32 y 39).

El 16 de enero de 1998, el peticionario radicó una moción solicitando la desestimación de las acusaciones al amparo de la Regla 64(p) de Procedimiento Criminal, acompañada de prueba documental de que el día de la vista preliminar estuvo recibiendo tratamiento médico de emergencia. (Ap. 11). El 21 de enero de 1998 el tribunal de instancia dejó sin efecto el desacato por entender que existía justa causa para la incomparecencia del peticionario y ordenó su archivo bajo la Regla 247(b) de Procedimiento Criminal. (Ap. 34).

El 10 de febrero el tribunal de instancia declaró sin lugar la solicitud de desestimación de las acusaciones, por entender que la incomparecencia del peticionario a la vista preliminar no estuvo justificada aun cuando se le presentó la prueba médica antes aludida. (Ap. 1).

De esta determinación se recurrió ante nos solicitándonos mediante moción en auxilio de jurisdicción, que se paralizara el comienzo del juicio que estaba pautado para el jueves 26 de febrero de 1998. Mediante Resolución del 25 de febrero, se paralizó los procedimientos ante el tribunal de instancia y se le ordenó al Procurador General, que mostrara causa por la cual no debía expedirse el auto de *certiorari* y ordenar la celebración de una vista preliminar.

Teniendo ante nos las posiciones de ambas partes procedemos a resolver.

## II

A la luz de los hechos antes expuestos analicemos el derecho aplicable.

La Regla 23 de Procedimiento Criminal, dispone, que se deberá celebrar una vista preliminar cuando se imputa un delito grave a una persona. Regla 23(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

La función principal de la celebración de una vista preliminar consiste, en la determinación de causa probable para creer que el imputado ha cometido el delito que se le presenta. *Pueblo v. Andaluz Méndez,* opinión de 39 de junio de 1997, **97 J.T.S. 107** pág. 1293; *Pueblo v. Rodríguez Aponte,* 116

D.P.R. 653, 663-664 (1985). Otro propósito fundamental de la vista preliminar es, evitar que se someta a un ciudadano a los rigores de un procedimiento criminal de forma arbitraria e injustificada. *Pueblo v. Rivera Rodríguez,* opinión de 31 de marzo de 1995, **95 J.T.S. 36,** pág. 774; *Pueblo v. Figueroa Castro,* 102 D.P.R. 279, 284 (1974).

Luego de citársele, la persona imputada de delito puede renunciar de manera expresa o tácitamente a la vista preliminar. La renuncia expresa está contemplada en las propias reglas y se realiza mediante escrito firmado, antes de comenzar la vista o personalmente en cualquier momento durante la misma. La renuncia tácita se refiere a la incomparecencia voluntaria y sin justa causa del imputado a la vista preliminar. Regla 23(b) de Procedimiento Criminal, *supra.*

En los casos de renuncia tácita, el juzgador de los hechos debe escuchar al imputado, si éste alega, que su incomparecencia se debió a justa causa, como enfermedad o fuerza mayor. Si se demuestra la justa causa, debe hacerse un señalamiento para una nueva vista preliminar y el fiscal no estaría autorizado para presentar la acusación. Chiesa, Ernesto L., *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Vol. III, Forum, págs. 111-112 (1993).

Cónsono a tales principios de derecho analicemos los hechos en controversia.

Surge del expediente que el peticionario no renunció expresamente por escrito ni tácitamente a la vista preliminar.

Para el 11 de diciembre de 1997, el peticionario se encontraba en el Centro de Diagnóstico y Tratamiento de Trujillo Alto, siendo trasladado posteriormente al Hospital de Area de Carolina, por haberle surgido una condición de salud de emergencia. Ello se justificó debidamente, mediante copias certificadas de las evaluaciones médicas que se le realizaron al peticionario en las mencionadas instalaciones médicas y así lo acepta el Procurador General en su escrito.

Ante tales circunstancias, incidió el foro recurrido a resolver que la dejadez del peticionario y su abogado en informar al tribunal el día de la vista preliminar o al día siguiente la causa de su incomparecencia, constituye una renuncia a dicha etapa procesal, cuando consta de la prueba presentada, que el abogado fue diligente al comunicarse con el tribunal el día de la vista y mantenerle informado de la condición de salud del peticionario, lo cual le impedía comparecer a la misma.

Concluimos que el error planteado fue cometido y medió justa causa por enfermedad para la incomparecencia del peticionario a la vista preliminar.

### III

Por los anteriores fundamentos, se expide el auto solicitado, se revoca la resolución recurrida y se ordena al tribunal de instancia que celebre una nueva vista preliminar conforme a derecho.

Notifíquese inmediatamente por la vía ordinaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General