# 99 DTA 176

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ
PANEL I**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

ENRIQUE T. VIVONI ORTIZ
Recurrido

Núm. KLCE-99-00138

San Juan, Puerto Rico, a 18 de mayo de 1999

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Córdova Arone y la Juez Feliciano Acevedo

Córdova Arone, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Nos corresponde hoy decidir si el Tribunal de Primera Instancia ante, una moción de reconsideración

presentada por un imputado de delito, puede dejar sin efecto una determinación en alzada de causa probable para el arresto de éste. Por los fundamentos que pasamos a exponer, se expide el auto y se revoca la resolución recurrida. Veamos los hechos pertinentes.

## I

El 30 de octubre de 1998, el Tribunal de Primera Instancia, Sala Municipal de Mayaguez, luego de celebrarse una vista al amparo de la Regla 6 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 6, determinó que no existía causa probable para el arresto del Sr. Enrique Vivoni Ortiz (Sr. Vivoni) por infracción al Art. 173 del Código Penal, 33 L.P.R.A. sec. 4279 (robo).

El 12 de diciembre de 1998, al celebrarse la vista de determinación de causa probable para el arresto en alzada al amparo de la Regla 6(c) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 6(c), se encontró que existía causa probable para el arresto del Sr. Vivoni. Se le citó para que compareciera el 20 de enero de 1999 a la vista preliminar dispuesta en la Regla 23 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 23.

Cuando el ministerio público compareció a tal señalamiento, se le informó que el juez instructor de causa para el arresto en alzada había dejado sin efecto su determinación previa, mediante una resolución dictada el 16 de diciembre de 1998, la cual es objeto de revisión en el presente recurso. Dicha resolución no fue notificada al fiscal, según se desprende de una certificación negativa expedida por la Secretaría del Tribunal de Primera Instancia.

Según surge del expediente ante nuestra consideración, un día después de que el Tribunal de Primera Instancia dictara la resolución recurrida, el Sr. Vivoni presentó ante dicho foro una moción de reconsideración de la determinación de causa probable para el arresto en alzada, la cual no fue notificada al ministerio público.

Inconforme con la resolución dictada por el Tribunal de Primera Instancia, el 16 de diciembre de 1998, el Procurador General (el Procurador) presentó este escrito de *certiorari*, imputándole al foro recurrido haber errado al dejar sin efecto, en reconsideración, la previa determinación en alzada de causa probable para el arresto del Sr. Vivoni.

## II

El Procurador esencialmente alega que el Tribunal de Primera Instancia carecía de jurisdicción para dejar sin efecto la determinación de causa probable para el arresto del Sr. Vivoni y que el único recurso que éste tenía a su disposición para cuestionar la misma era la presentación de una moción de desestimación al amparo de la Regla 64(p) de las de Procedimiento Criminal, 34 L.P.R.A. AP. II, R. 64 (P). ■ Veamos.

¿Puede un imputado de delito presentar una moción de reconsideración para que se revise la determinación de causa probable para su arresto después de terminada la vista al amparo de la Regla 6 de las de Procedimiento Criminal, *supra*? Contestamos esta interrogante en la negativa. Hemos examinado minuciosamente la jurisprudencia pautada por el Tribunal Supremo y no existe precedente alguno que resuelva la cuestión ante nuestra consideración. Estamos, por lo tanto, ante un asunto novel.

Las Reglas de Procedimiento Criminal ni su jurisprudencia interpretativa taxativamente prohiben que el imputado de delito presente una moción de reconsideración ante una determinación de causa probable para su arresto. No obstante, este silencio no implica el reconocer que los jueces de primera instancia poseen una facultad indiscriminada y amplia para resolver mociones de reconsideración en la etapa de determinación de causa probable para el arresto.

La función del juez que preside una vista de determinación de causa probable para el arresto es decidir si el ministerio público cumplió con su obligación de presentar la cantidad de prueba suficiente para creer que se ha cometido un delito y que la persona denunciada probablemente lo cometió. *Pueblo v. Jiménez Cruz, supra.* Si determina que existe causa probable para el arresto, expedirá una orden de arresto contra el imputado. Regla 6(a) de las de Procedimiento Criminal 34 L.P.R.A. Ap. II, R. 6(a). La determinación de causa probable no es revisable mediante *certiorari. Pueblo v. Cabrera González,* **92 J.T.S. 104.**

Si, por el contrario, el magistrado no determina causa para el arresto de la persona, el ministerio público puede revisar tal dictamen mediante la celebración de una vista en alzada, ante un magistrado de categoría superior del Tribunal de Primera Instancia. Regla 6 (c) de las de Procedimiento Criminal, *supra.*

Como hemos visto, luego de que el juez que presidió la vista al amparo de la Regla 6 de las de Procedimiento Criminal, *supra,* determina en forma final si existe o no causa probable para el arresto del imputado, concluye su participación en el procesamiento penal de éste. Es decir, el andamiaje procesal criminal del Estado continúa su marcha dejando atrás la figura del juez instructor de causa probable para el arresto. Por lo tanto, estos magistrados no tienen facultad para reconsiderar sus dictámenes a solicitud de los imputados, cuando ya ha finalizado su participación en la vista al amparo de la Regla 6, *supra.* ■

El reconocer a los jueces de primera instancia la facultad de dejar sin efecto sus determinaciones de causa probable a solicitud de los imputados a través de mociones de reconsideración una vez ha concluido dicha vista, implicaría ignorar la función de los jueces que presiden las vistas de causa probable para el arresto y la naturaleza de éstas dentro de nuestro ordenamiento procesal penal. ■

Abona aún más a nuestra conclusión el hecho de que el Tribunal Supremo ha considerado que el *"...primer mecanismo disponible para revisar la legalidad del arresto o detención del imputado de delito"* lo es la vista preliminar. *Pueblo v. Rodríguez Aponte,* 116 D.P.R. 653 (1985). En el referido caso se estableció en relación a la vista preliminar que:

*"Como este término sugiere, la preocupación primaria de la visión retrospectiva es con respecto a la legalidad del arresto y la validez de la detención. La pesquisa en la vista se manifiesta hacia el pasado, al momento del arresto. Está diseñada para detectar detenciones ilegales de todas clases. Su interés se centra en una revisión de la legalidad de la detención. Se enfatiza el aspecto de la naturaleza preliminar no determinante ni final del procedimiento. El procedimiento no es un juicio sino un mecanismo inicial para cotejar la validez del arresto."*

Cónsonas con este razonamiento, son las expresiones del Profesor Chiesa, refrendadas en *Pueblo v. Rivera Rivera,* 145 D.P.R. ___, **98 J.T.S. 47.** Estas rezan así:

*"En caso de delito grave, la vista preliminar misma tiene el efecto de la revisión inmediata de la determinación de causa probable para el arresto. La determinación de causa probable para acusar, en vista preliminar, es, a su vez, revisable mediante moción de desestimación bajo la Regla 64(p) y tiene el efecto de una revisión indirecta de la determinación de causa probable para el arresto que fuera "confirmada" en vista preliminar."*

## III

Resulta inexplicable el hecho de que el Tribunal de Primera Instancia dictara una resolución, la cual no notificó al fiscal, mediante la cual dejó sin efecto su determinación de causa probable para el arresto del Sr. Vivoni el 16 de diciembre de 1998, cuando éste solicitó la reconsideración de esa determinación al día siguiente,

es decir, el 17 de diciembre de 1998. Es más, ya el Tribunal de Primera Instancia había citado a las partes para la celebración de la vista preliminar. Además, el Sr. Vivoni incurrió en una conducta censurable y reprochable al no notificar la resolución recurrida al ministerio público, según lo requiere la Regla 65 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 65.

A la luz de los principios expuestos en el acápite segundo de esta sentencia, resulta forzoso concluir que procede revocar la resolución recurrida. El Sr. Vivoni podrá revisar la determinación de causa probable para su arresto cuando se celebre la vista preliminar en su contra o mediante una moción de supresión de evidencia oportunamente presentada. ■

## IV

Por los fundamentos antes expuestos, se expide el auto y se revoca la resolución recurrida.

La Juez López Vilanova concurre con el resultado después de un examen de los autos originales y consideradas las particulares circunstancias de este caso.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 176

**1.** Recientemente en *Pueblo v. Jiménez Cruz,* 145 D.P.R. ___ , **98 J.T.S. 75,** se estableció que el imputado de delito grave sólo puede presentar una moción de desestimación al amparo de la Regla 64(p) de las de Procedimiento Criminal, *supra,* luego de que se presente una acusación en su contra y que, por lo tanto, la determinación de causa probable para el arresto no es revisable mediante la moción reglamentada por la referida regla.

**2.** El término reconsiderar ha sido definido como *"[V]olver a considerar; examinar un juez de nuevo un fallo o decisión a solicitud de una de las partes".* Rivera García Ignacio, *Diccionario de Términos Jurídicos,* Equity Publishing Corporation, New Hampshire, 1976.

**3.** Ya en *Pueblo v. Aldebol Cuevas,* Núm. KLCE-96-00387, este Tribunal, por voz del Circuito Regional IV de Mayaguez y Aguadilla, no reconoció a los jueces que participan en vistas preliminares facultad para entender en mociones de reconsideración.

**4.** Chiesa Aponte, Ernesto, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Editorial Forum, Colombia, 1993, Volumen III, pág. 49.