# 99 DTA 194

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAROLINA-FAJARDO**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

EDWIN OTERO RIVERA
Peticionario

Núm. KLCE-99-00497

San Juan, Puerto Rico, a 4 de junio de 1999

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Rivera Pérez y Rodríguez García

## TEXTO COMPLETO DE LA SENTENCIA

Se acude de un dictamen del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina, que le denegó al peticionario en la vista preliminar, una moción para que le proveyera copia de las declaraciones juradas de los testigos que declararon en la determinación de causa probable para arresto, además, de una solicitud para que unas oficinas gubernamentales del Poder Ejecutivo, le entregaran copia de unos informes para su defensa.

El 24 de mayo de 1999, paralizamos los procedimientos ante el foro recurrido y le ordenamos al Procurador General que presentara su posición al recurso.

Cumplido el trámite según intimado, se expide el auto de *certiorari* y se confirma la resolución emitida por los siguientes fundamentos.

**I**

Por hechos alegadamente ocurridos el 20 de noviembre de 1998, el Ministerio Público le presentó al peticionario, el 8 de febrero de 1999, un cargo por el delito de asesinato. La vista de determinación de causa probable para arresto se celebró en presencia del peticionario, quien estuvo acompañado por su representación legal. Durante la vista declararon por el Estado los testigos: Flor Inés Ortiz, María Monserrate Rivera, Luis Alicea Delgado y el agente Víctor Colón. Luego de que se determinara causa probable para arresto por el delito según imputado, se señaló fecha para la celebración de la vista preliminar.

Luego de varios trámites ante la sala de vista preliminar, el peticionario solicitó que se le entregaran copia de las declaraciones juradas de los testigos que testificaron durante la vista de determinación de causa probable para arresto. Además, que se le ordenara al Departamento de Servicios Sociales y al Instituto de Ciencias Forenses que le suministraran copia de unos informes relacionados con los cargos presentados, que alegadamente contienen prueba exculpatoria. El Ministerio Público alegó que desconocía la existencia de tales informes y que no forman parte del sumario fiscal.

Mediante resolución por escrito, se denegaron ambas solicitudes.

**II**

Conforme a las circunstancias procesales antes enunciadas, analicemos las normas jurídicas aplicables a la solicitud de las copias de las declaraciones juradas de los testigos que declararon en la determinación de causa probable para arresto.

En nuestra jurisdicción, el proceso judicial criminal comienza durante la vista de determinación de causa probable para arresto y en ésta, se le reconoce a la persona que se le presentan los cargos, el derecho a estar asistido de abogado, a contrainterrogar la prueba en su contra y a traer prueba a su favor. Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. Jiménez Cruz,* opinión de 17 de junio de 1998, **98 J.T.S. 75**, pág. 1073. (Casos Citados).

Se ha reconocido por nuestro más alto foro que un imputado no tiene derecho a obtener copia de las declaraciones juradas de los testigos que declararon en la determinación de causa probable para arresto, antes de que declaren por primera vez en alguna etapa posterior significativa del proceso penal, como la vista preliminar o juicio. Regla 23, *supra; Pueblo v. Rivera Rivera,* opinión de 21 de abril de 1998, **98 J.T.S. 47**, pág. 841; *Pueblo v. Rodríguez Aponte,* 116 D.P.R. 653, 660 (1985).

La etapa de descubrimiento de prueba se activa con la presentación de la acusación o denuncia en casos de delitos menos graves, pero no antes. En este momento, el tribunal puede ordenar al Ministerio Público que permita al acusado obtener cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para arresto. Regla 95(a)(2) de Procedimiento Criminal, *supra.* Sólo tendrá derecho a obtener las referidas copias después de presentada la acusación o cuando los testigos declaren en la vista preliminar, pues en ese momento a tenor de la Regla 23 de Procedimiento Criminal, *supra,* tendría derecho a recibirlas.

Cónsono a los principios antes esbozados, el peticionario tiene derecho a obtener copias de las declaraciones juradas de los testigos que declaren en la vista preliminar luego de presentada la acusación. Como parte de las garantías del ordenamiento procesal criminal sobre descubrimiento de prueba, tendría derecho también a obtener

las declaraciones juradas de los testigos usados en la determinación de causa probable para arresto de las declaraciones juradas usadas en tal proceso.

Por lo tanto, concluimos que resolvió correctamente el tribunal recurrido al denegar el pedido de copia de las declaraciones juradas en la etapa procesal en que se encuentra el caso.

## III

En relación a los informes solicitados al Departamento de Servicios Sociales y al Instituto de Ciencias Forenses, resolvemos que no le asiste la razón al peticionario.

El ordenamiento procesal criminal dispone que el imputado de delito tiene derecho en la vista preliminar a presentar prueba a su favor, dado el carácter adversativo de la misma. Regla 23, *supra*; *Pueblo v. Vélez Pumarejo*, 113 D.P.R. 349, 354 (1982); *Pueblo v. Figueroa Castro*, 102 D.P.R. 279, 284 (1974).

Pero tal derecho a presentar prueba a su favor *"no es irrestricto"*, debido al carácter limitado de la vista preliminar, que no debe convertirse en un mini juicio. Si la prueba del Estado establece *prima facie* los elementos del delito y que el imputado probablemente lo cometió, el magistrado que la preside no tiene que continuar escuchando más prueba y puede, como cuestión de derecho, proceder a determinar causa probable para acusar. *El Vocero de Puerto Rico v. E.L.A.*, 131 D.P.R. 356, 409 (1992); *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 668 (1985). (Casos citados).

Una vez se trascienda dicha etapa procesal y luego de la presentación de la acusación, la defensa puede solicitar todos aquellos documentos que sean necesarios y pertinentes, inclusive aquella evidencia que sea exculpatoria que esté en poder del Ministerio Público o en posesión, custodia o control de otra persona o entidad, mediante el procedimiento de descubrimiento de prueba. Regla 95(b) y (c), *supra*; *Pueblo v. Echevarría Rodríguez*, 128 D.P.R. 299, 376 (1991); *Pueblo v. Rodríguez Sánchez*, 109 D.P.R. 243, 247 (1979).

Resolvemos que el tribunal denegó con corrección jurídica el descubrimiento de prueba solicitado en la etapa procesal en que se encuentra el caso. Cabe el señalar, que el peticionario no ha demostrado específicamente que el Ministerio Público tenga bajo su control o bajo el control de alguna agencia gubernamental del Poder Ejecutivo, evidencia exculpatoria.

## IV

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se confirma la resolución dictada.

El Juez Miranda De Hostos disiente y concurre en parte por escrito.

Notifíquese inmediatamente por facsímil y por la vía ordinaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## TEXTO COMPLETO DEL VOTO DISIDENTE Y CONCURRENTE EN PARTE DEL JUEZ DE APELACIONES SR. MIRANDA DE HOSTOS — 99 DTA 194

Concurro con los fundamentos de la mayoría en cuanto a la Parte III de la sentencia, sobre el descubrimiento de prueba alegadamente exculpatoria; y disiento respetuosamente en cuanto a la Parte II, sobre la no entrega de las declaraciones juradas, por las siguientes razones en derecho.

Nuestro más alto foro resolvió, precisamente, en el caso *Pueblo v. Rivera Rivera,* opinión de 21 de abril de 1999, **98 J.T.S. 47**, pág. 841, que existen dos métodos para llevar a cabo la etapa de determinación de causa probable para arresto: el formal, cuando se realiza en presencia del imputado y su representación legal; y el informal, cuando no está presente el imputado de delito o su representante legal. Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

En el método formal, el imputado tiene derecho a obtener copia de las declaraciones juradas que estén en poder del Ministerio Público y de los testigos que declaren en dicha etapa. Este derecho se activa una vez concluido el examen directo del testigo, como parte de los derechos del imputado para contrainterrogar los testigos en su contra.

La determinación de causa probable para arresto fue en presencia del imputado y de su representación legal, bajo el método formal antes descrito, por lo cual el peticionario tiene derecho en la etapa procesal en que se encuentra el caso, a las copias de las declaraciones juradas de los testigos que así declararon, como parte de las garantías del ordenamiento procesal criminal.

Por los anteriores fundamentos, concluyo, contrario a la mayoría, que procede como cuestión de derecho, la entrega al peticionario las declaraciones juradas antes mencionadas.

**JOSE L. MIRANDA DE HOSTOS**
**Juez de Apelaciones**