ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO,<br><br>Recurrida,<br><br>v.<br><br>NOEL TORRES ARAGONÉS,<br><br>Peticionaria. | KLCE202401256 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón.<br><br>Criminal núm.:<br>D EC2024G0025.<br><br>Sobre:<br>Art. 127(B) del CP. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 17 de enero de 2025.

El peticionario, señor Noel Torres Aragonés (señor Torres), instó el presente recurso de *certiorari* el 18 de noviembre de 2024. En él, recurre de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 18 de septiembre de 2024, notificada el 23 de septiembre de 2024. Mediante dicha determinación, el foro recurrido declaró sin lugar su moción de desestimación al amparo de la Regla 64(p) de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(p). La moción del señor Torres solicitaba que se desestimara la acusación presentada en su contra por infracción al Art. 127-B del Código Penal de Puerto Rico, 33 LPRA sec. 5186b (maltrato a personas de edad avanzada mediante amenaza).

El 8 de octubre de 2024, el peticionario solicitó al foro primario que reconsiderara su decisión; la denegatoria de esta fue notificada el 17 de octubre de 2024.

Examinada la solicitud del peticionario y la oposición a la expedición del recurso presentada por el Ministerio Público, por conducto de la Oficina del Procurador General, este Tribunal expide el auto y confirma la *Resolución* emitida por el foro primario.

Número identificador

SEN2025_____

I

El 27 de noviembre de 2023, el Ministerio Púbico presentó una denuncia contra el señor Torres por hechos ocurridos el día anterior, 26 de noviembre, a las 3:00 p.m., constitutivos de una violación al Art. 127-A del Código Penal de 2012, 33 LPRA sec. 5186a (maltrato a personas de edad avanzada)[1].

La denuncia lee como sigue:

El referido imputado Noel Torres Aragonés, allí y entonces en fecha y hora antes mencionado y en la Calle Nogal #22 Alturas San Patricio en Guaynabo, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Bayamón, a propósito y con conocimiento, cometió abuso emocional y físico, causándole daño o exponiéndola en riesgo de sufrir un daño a su salud, bienestar y a los bienes de la señora Josefina Saviñon Lovelace, la cual es una persona de edad avanzada de 73 años, consistente en que el aquí imputado la agredió con sus manos en el lado izquierdo de la nariz[,] provocándole una laceración y acto seguido le verbalizó eres una sucia.

(Mayúsculas omitidas)[2].

Aunque la vista preliminar fue señalada para el 11 de diciembre de 2023, esta fue finalmente celebrada el 22 de mayo de 2024. El mismo día de la vista, mediante *Resolución* a esos efectos[3], el tribunal determinó causa probable en contra del imputado por infracción al Art. 127-B del Código Penal de 2012, 33 LPRA sec. 5186b (maltrato a personas de edad avanzada mediante amenaza).

Al día siguiente, se llevó a cabo la lectura de la acusación[4]. El pliego acusatorio describe la conducta delictiva imputada como sigue:

El referido imputado Noel Torres Aragonés, allí y entonces en fecha y hora antes mencionado y en la Calle Nogal #22 Alturas San Patricio […], a propósito y con conocimiento, cometió abuso emocional y físico, causándole daño o exponiéndola en riesgo de sufrir un daño a su salud, bienestar y a los bienes de la Sra. Josefina Saviñon Lovelace, la cual es una persona de edad avanzada de 73 años, consistente en que el aquí imputado la agredió con sus manos en el lado

---

[1] *Véase*, apéndice del recurso, a la pág. 22.

[2] *Íd.*

[3] *Íd.*, a las págs. 23-25.

[4] *Íd.*, a la pág. 26. El sello del Tribunal de Primera Instancia, Sala de Bayamón, muestra fecha del 23 de mayo de 2024. Cabe destacar que la *Resolución* del 22 de mayo de 2024 ordenó la lectura de la acusación para el 29 de mayo de 2024, y la celebración del juicio para el 17 de junio de 2024. *Véase,* apéndice del recurso, a las págs. 23-25.

~~izquierdo de a nariz, provocándole en el lado izquierdo de la~~ ~~nariz, provocándole una laceración y además y~~ le decía que la iba a mandar a matar con unos negros de Loíza.

(Tachadura en el original e inicialada con fecha del 29 de mayo de 2024).

Posteriormente, allá para el 7 de agosto de 2024, el señor Torres solicitó la desestimación de la acusación[5], amparado en la Regla 64(p) de las de Procedimiento Criminal, 34 LPRA Ap. II. Arguyó la carencia de prueba para la configuración del elemento de amenaza, que forma parte del delito grave por el cual ha sido acusado. También, sostiene que no se desprende una fecha cierta en la que el peticionario hubiera proferido la amenaza imputada y que la expresión citada en la acusación no formaba parte de la denuncia original.

El 19 de agosto de 2024, el Ministerio Público se opuso a la moción del peticionario[6]. En síntesis, sostuvo que, por virtud de la Regla 38 de las de Procedimiento Criminal, 34 LPRA Ap. II, era prerrogativa del Ministerio Público enmendar la acusación en cualquier momento antes de que recayera el fallo o veredicto. Por lo tanto, adujo que cualquier error planteado por la defensa respecto al cargo imputado era subsanable. Así pues, apoyado en este argumento, solicitó una enmienda a la acusación para imputar que la conducta delictiva en este caso había ocurrido "en el mes de **octubre de 2023**"[7]. (Énfasis y subrayado en el original).

El 18 de septiembre de 2024, notificada el 23, el tribunal emitió una *Resolución* detallada en cuanto a los hechos y fundamentada en derecho, en la que declaró sin lugar la solicitud de desestimación del peticionario[8]. El foro recurrido concluyó que el Ministerio Público había establecido los elementos del delito tipificado en el Art. 127-B del Código Penal de Puerto Rico y la conexión con el acusado en la comisión del delito.

---

[5] *Véase*, apéndice del recurso, a las págs. 27-34.

[6] *Íd.*, a las págs. 73-76.

[7] *Íd.*, a la pág. 76, alegación núm. 13. Aclaramos que esta discrepancia en las fechas se refería a la fecha en que el señor Torres presuntamente amenazó a la víctima de que, si se acercaba al apartamento propiedad de ella y de su esposo, y que el señor Torres ocupaba, él habría de mandarla a matar con unos "negros de Loíza".

[8] *Véase*, apéndice del recurso, a las págs. 3-11.

El 8 de octubre de 2024, el peticionario solicitó reconsideración al foro primario[9] e insistió en que el cargo por el cual se le acusaba estaba basado en un hecho que no ocurrió el día en el que se suscitaron los hechos plasmados en la denuncia. Subrayó que el testimonio prestado por la víctima en corte abierta no había aportado certeza en cuanto a la fecha en la que ocurrió la amenaza imputada. Inclusive, la víctima declaró desconocer la fecha exacta en la que ocurrió ese hecho. Por tanto, el señor Torres aduce que ello afectaba su defensa adecuada y la determinación de si el término prescriptivo estatutario había transcurrido o no.

El 16 de octubre de 2024, el tribunal declaró sin lugar la petición de reconsideración del peticionario, la cual fue notificada al día siguiente[10].

Inconforme, el señor Torres presentó este recurso de *certiorari* el 18 de noviembre de 2024. Su único señalamiento de error reza como sigue:

> Erró el Tribunal de Primera Instancia al declarar no ha lugar la solicitud de desestimación de la defensa al amparo de la Regla 64(p) de Procedimiento Criminal aun cuando el Ministerio Público en vista preliminar no pasó prueba alguna de que el delito imputado al señor Torres se encontrara dentro del término provisto por ley para procesarlo penalmente por los hechos imputados, siendo la determinación de causa para acusar una no conforme a derecho.

(Mayúsculas y énfasis omitidos).

El 11 de diciembre de 2024, el señor Torres presentó la transcripción de la prueba oral (i.e., el testimonio de la víctima durante la celebración de la vista preliminar), debidamente estipulada.

El 26 de diciembre de 2024, el Ministerio Público presentó su oposición. En síntesis, sostuvo que, para efectos de la vista preliminar, no resultaba indispensable establecer la fecha en la que se cometieron los hechos relacionados al delito de maltrato a personas de edad avanzada mediante amenaza. También, resaltó que lo importante era establecer, mediante la prueba presentada en juicio, que la acción penal había iniciado dentro del término prescriptivo del delito imputado.

Evaluados los argumentos de ambas partes, resolvemos.

---

[9] *Véase*, apéndice del recurso, a las págs. 12-20.

[10] *Íd.*, a la pág. 21.

## II

### A

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa

etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

B

La Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, dispone lo relativo a la vista preliminar. En específico, establece que "toda persona imputada de delito grave en Puerto Rico tiene derecho a que se celebre una vista preliminar". *Pueblo v. Santiago Cruz*, 205 DPR 7, 28 (2020). El objetivo fundamental de esta vista preliminar[11] es "evitar que se someta a un ciudadano arbitraria e injustificadamente a los rigores de un proceso criminal". *Íd.*, citando a *Pueblo v. Andaluz Méndez*, 143 DPR 656, 661 (1997). Para ello, el Ministerio Público viene obligado a presentar evidencia que, a juicio del magistrado, demuestre que están presentes todos los elementos del delito y su conexión con el imputado. *Íd.*, citando a *Pueblo v. Pillot Rentas*, 169 DPR 746, 752 (2006).

En lo pertinente, la Regla 23(c) de Procedimiento Criminal dispone que:

. . . . . . . .

> Si a juicio del magistrado la prueba demostrare que existe causa probable para creer que se ha cometido un delito y que la persona lo cometió, el magistrado detendrá inmediatamente a la persona para que responda por la comisión de un delito ante la sección y sala correspondiente del Tribunal de Primera Instancia; de lo contrario, determinará no causa y ordenará que la persona sea puesta en libertad.

. . . . . . . .

34 LPRA Ap. II, R. 23(c).

---

[11] El Tribunal Supremo de Puerto Rico ha señalado que, en la vista preliminar, el imputado goza de las siguientes garantías:

> (1) notificación y citación a la vista al menos cinco días antes de su señalamiento; (2) asistencia de abogado; (3) acceso a las declaraciones juradas de los testigos del Estado que declaren en la vista; (4) oportunidad de contrainterrogar esos testigos y ofrecer prueba a su favor; (5) que la evidencia que presente el Ministerio Público sea admisible en juicio y cumpla con el estándar probatorio aplicable; (6) que la vista sea pública.

*Pueblo v. Santiago Cruz*, 205 DPR 7, 28-29 (2020).

Cual articulado por el Tribunal Supremo de Puerto Rico en *Andaluz Méndez*, la vista preliminar opera en términos de **probabilidades**. 143 DPR, a la pág. 661. Es decir, en esa vista, el juez que la preside solo tiene que determinar si existe la probabilidad de que se ha cometido un delito y si el imputado fue quien lo cometió.

> En el descargo de esa encomienda, el Ministerio Fiscal debe presentar prueba que a juicio del magistrado establezca la comisión de un delito y la probabilidad de que el imputado lo cometió. "**El propósito de la vista preliminar es tratar con probabilidades, tanto en lo referente a la comisión de un delito como en cuanto al autor de dicho delito. …[H]ay envuelta una doble situación de probabilidades: la de que determinado delito haya sido cometido y la de que determinada persona lo haya cometido**." N. Frattalone, *La Vista Preliminar*, 63 Rev. Der. Puertorriqueño 231, 234 (1977). No se trata de una adjudicación final. Su función no es establecer la culpabilidad o inocencia del acusado, sino averiguar si en efecto el Estado tiene adecuada justificación para continuar con un proceso judicial. En esta etapa, la prueba no tiene que evidenciar más allá de duda razonable la culpabilidad del acusado.

*Pueblo v. Rodríguez Aponte*, 116 DPR 653, 663-664 (1985). (Énfasis nuestro).

Así pues, para que prospere una solicitud de desestimación de la acusación o la denuncia, conforme a la Regla 64(p) de las de Procedimiento Criminal, 34 LPRA Ap. II, es necesario que se susciten dos escenarios particulares. El primero se refiere a aquellas circunstancias en las que se determine causa probable para acusar, a pesar de la **ausencia total de prueba** sobre alguno de los elementos del delito imputado o de su conexión con el acusado. El segundo escenario se suscita cuando se ha infringido alguno de los requisitos o derechos procesales que se deben observar durante la vista preliminar. *Pueblo v. Negrón Nazario*, 191 DPR 720, 735-736 (2014).

Por tanto, y presumiéndose la corrección de la determinación judicial de causa probable para acusar, le corresponde al acusado persuadir al tribunal de que la determinación de causa probable no fue conforme a derecho según alguno de los escenarios reconocidos por la Regla 64(p) de Procedimiento Criminal. *Íd.*, a la pág. 735.

Recalca el Tribunal Supremo que, en el primer escenario, que es el que nos atañe en este caso, el criterio rector para analizar la solicitud de desestimación tiene que ser el de **total ausencia de prueba**. Es decir: "Únicamente en *ausencia total de prueba* durante la determinación de causa probable es que procede la desestimación de la acusación impugnada." *Pueblo v. Negrón Nazario*, 191 DPR, a la pág. 736 (bastardillas en el original), citando de *Pueblo v. Rivera Cuevas*, 181 DPR 699, 708 (2011); *Pueblo v. Andaluz Méndez*, 143 DPR, a la pág. 677; y, *Pueblo v. Nazario Hernández*, 138 DPR 760, 781 (1995).

La Regla 23(c) de las de Procedimiento Criminal también dispone sobre la naturaleza de la evidencia que deberá aportar el Ministerio Público para establecer la probabilidad de la comisión del delito y la conexión del imputado con el mismo. Apunta la regla que la prueba que se desfile tiene que ser **legalmente admisible en el juicio plenario**.

En ánimo de aclarar esta expresión, el Tribunal Supremo de Puerto Rico nos remite a la Regla 103(f) de las de Evidencia, 32 LPRA Ap. VI, R. 103(f). Así, en *Pueblo v. Negrón Nazario*, 191 DPR, a la pág. 734, el Tribunal nos acuerda que, si bien el Estado no está obligado a presentar en evidencia toda la prueba de cargo, este sí debe tener presente dos aspectos importantes al seleccionar qué prueba desfilará en la etapa de la vista preliminar. "En primer lugar, la prueba ofrecida debe ser una admisible en el juicio, conforme a los parámetros establecidos en nuestras reglas de evidencia". En segundo lugar, la evidencia debe establecer cada uno de los elementos del delito imputado y su conexión con la persona imputada. *Íd.*

Nótese que el Tribunal Supremo reconoce que las Reglas de Evidencia no obligan durante la celebración de la vista preliminar, excepto en lo que concierne a materia de privilegios y conocimiento judicial. No obstante, la Regla 23(c) de Procedimiento Criminal es clara y requiere que la prueba a desfilarse en esta etapa sea admisible en el juicio. *Pueblo v.*

*Negrón Nazario*, 191 DPR, a la pág. 734, nota al calce núm. 35. Véase, además, *Pueblo v. Pillot Rentas*[12], 169 DPR 746, 752-753 (2006).

De hecho, en *Pueblo v. Rivera Cuevas*, 181 DPR 699, 706 (2011), el Tribunal Supremo dispuso como sigue:

> […] [H]emos señalado que durante la vista preliminar "el Ministerio Público debe presentar evidencia, legalmente admisible en un juicio plenario, sobre todos los elementos del delito imputado en la denuncia y su conexión con el imputado". *Pueblo v. Andaluz Méndez*, 143 D.P.R. 656, 662 (1997), citando a *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 664 (1985). **Nuestros pronunciamientos al respecto quedaron codificados en la nueva Regla de Evidencia 103(f), 32 L.P.R.A. Ap. VI, R. 103(f), que establece que "[e]n la vista de determinación de causa para acusar (vista preliminar), aunque las Reglas de Evidencia no obligan, la determinación de causa deberá efectuarse con evidencia admisible en el juicio"**.

*Íd.* (Énfasis nuestro).

A esos efectos, la Regla 103(f) de las de Evidencia de 2009 dispuso expresamente que dichas reglas aplicarían: "En la vista de determinación de causa para acusar (vista preliminar), aunque las Reglas no obligan, **la determinación de causa deberá efectuarse con evidencia admisible en el juicio**". 32 LPRA Ap. VI. (Énfasis nuestro). Así pues, las Reglas de Evidencia reconocieron expresamente lo que ya había expuesto el Tribunal Supremo en *Pueblo v. Andaluz Méndez*, con relación a la naturaleza de la prueba que debía desfilar el Ministerio Fiscal durante la vista preliminar.

Ahora bien, resulta de vital importancia comprender que el concepto de **evidencia admisible en el juicio** no puede, ni debe, desvirtuar la naturaleza preliminar y limitada de la vista. Tal cual apuntado en *Pueblo v. Pillot Rentas*, el único propósito de la vista preliminar es permitir la dilucidación de si existe o no causa probable, por lo que no deben introducirse eventos probatorios adicionales, que desnaturalicen el proceso y lo conviertan en un mini juicio.

---

[12] En *Pillot Rentas*, el Tribunal Supremo concluyó que aplicar la entonces Regla 49 de Evidencia, hoy, Regla 613, sobre escritos para refrescar memoria, a la vista preliminar es, de ordinario, incompatible con el propósito limitado de la vista preliminar, que es permitir la dilucidación de si hay causa probable o no. Se trata, pues, de que permitir tal aplicación introduciría, en esa etapa preliminar, un nuevo evento probatorio, que complicaría la vista y la apartaría de su único propósito. El Tribunal reitera que la vista preliminar, aun cuando requiere que el Ministerio Público aporte evidencia admisible en juicio, no puede convertirse en un mini juicio. *Pueblo v. Pillot Rentas*, 169 DPR, a las págs. 761-762.

En resumen, si bien la Regla 23(c) reconoce que la prueba que le corresponde desfilar al Ministerio Fiscal para establecer la **probabilidad** de que el imputado haya incurrido en un delito grave debe ser de tal naturaleza que resulte admisible en el juicio, no es menos cierto que existe un interés público en que la vista preliminar goce de cierta flexibilidad y agilidad, que no se convierta en un mini juicio, y que no genere eventos evidenciarios adicionales que incidan sobre su naturaleza preliminar. Después de todo, la propia regla reconoce que el imputado de delito tendrá una oportunidad adicional, durante el juicio, para impugnar la evidencia presentada en esta etapa; por su parte, el Ministerio Público tendrá la oportunidad de subsanar cualquier error cometido en cuanto a la evidencia desfilada una vez inicie el juicio.

C

En nuestro ordenamiento jurídico, el derecho de un acusado a la debida notificación de los cargos presentados en su contra es de naturaleza constitucional. La Sección 11 del Art. II de nuestra Constitución dispone, en lo pertinente, que *"en todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma […]."* Constitución del Estado Libre Asociado, 1 LPRA.

Por su parte, la Regla 34(a) de Procedimiento Criminal, 34 LPRA Ap. II, R. 34, define la acusación como la alegación escrita hecha por un fiscal al Tribunal de Primera Instancia, en la cual se imputa a una persona la comisión de un delito. A su vez, la Regla 35 de Procedimiento Criminal, 34 LPRA Ap. II, R. 35, dispone los elementos que toda acusación debe contener. Cuando la acusación, la denuncia o un escrito de especificaciones adolece de algún defecto de forma o sustancial, la Regla 38 de Procedimiento Criminal, 34 LPRA Ap. II, R. 38, autoriza al tribunal a permitir las enmiendas que sean necesarias para subsanarlo. *Pueblo v. Vélez Rodríguez,* 186 DPR 621, 630 (2012).

Un defecto de forma es aquel que no perjudica los derechos sustanciales del acusado. Regla 36 de Procedimiento Criminal, 34 LPRA Ap. II, R. 36. Por su parte, un defecto sustancial es aquel que perjudica los derechos sustanciales del acusado, ya sea porque le impide preparar adecuadamente su defensa o porque, sencillamente, tiene el efecto de insuficiencia de la acusación o denuncia. Si el defecto del cual adolece la acusación o denuncia es uno de forma, la enmienda podrá permitirse en cualquier momento. En ausencia de enmienda, el defecto, imperfección u omisión se entenderá subsanado. Sin embargo, cuando el defecto adolecido sea uno sustancial, el tribunal podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias. En los casos en que se trate de una acusación, el acusado tendrá derecho a que se celebre un nuevo acto de lectura de acusación. *Pueblo v. Vélez Rodríguez,* 186 DPR, a la pág. 630.

III

En su señalamiento de error, el peticionario objetó la determinación de causa para acusar dictada en su contra por el foro recurrido. El señor Torres opina que el Ministerio Público no desfiló prueba alguna en torno a que el delito imputado se encontrara dentro del término provisto por ley para procesarlo penalmente. El error apuntado no se cometió.

El derecho aplicable destaca que la vista preliminar es un proceso, de naturaleza estatutaria, en el que el Ministerio Público presenta los cargos y el juzgador determina, haciendo uso del criterio de **probabilidad**, si se ha cometido un delito y la conexión del acusado con el acto criminal. En cuanto a la enmienda de la denuncia o las acusaciones, el derecho faculta al Ministerio Público a realizarlas en cualquier momento, antes de la convicción o absolución del acusado, según sea su naturaleza, entiéndase, defecto de forma o defecto sustancial.

En primer lugar, evaluamos la determinación de causa probable en contra del peticionario por la comisión de los actos violentos que se le imputan.

De la transcripción de la vista oral surge que la víctima, señora Josefina Saviñon Lovelaid (o Lovelace), cuenta con 72 años de edad. Es viuda y reside en la Calle Nogal 22, Urb. Alturas de San Patricio, en Guaynabo. El señor Torres realizó para ella trabajos domésticos ocasionales[13].

Luego del paso del huracán María por la Isla[14], el señor Torres le solicitó que le permitiese guardar algunas pertenencias de sus padres, pues el huracán les había llevado el "ranchito" en el que las guardaban. Estas pertenencias se ubicarían en un apartamento que ella tenía en Bayamón, que había remodelado recientemente, pero que aún no había arrendado[15].

Según el testimonio de la víctima, en vez de resguardar las pertenencias de sus padres, el señor Torres "destruyó" el apartamento[16]. El 26 de noviembre de 2023[17], cuando se le requirió que abandonara el apartamento o pagara un alquiler por su uso, el señor Torres se molestó[18].

Ese día, la víctima y su esposo citaron al señor Torres a su hogar, con el fin de discutir los términos de su ocupación del apartamento. Finalizado el encuentro, la víctima acompañó al señor Torres a la salida de la casa, pues tenía que abrir varias puertas para que él pudiera salir. Al llegar al último portón que daba a la calle, el señor Torres le propinó un golpe en la cara y la amenazó[19].

En otra ocasión, previo al 26 de noviembre de 2023, el señor Torres amenazó a la víctima de causarle daño físico si intervenía con su ocupación del apartamento que le había sido prestado.

---

[13] *Véase*, transcripción de la prueba oral estipulada (TPO), a las págs. 7-10.

[14] Tomamos conocimiento judicial de que el huracán María tocó tierra en Puerto Rico el 20 de septiembre de 2017.

[15] *Véase*, TPO, a las págs. 11-12.

[16] *Íd.*, a la pág. 12.

[17] *Íd.*, a la pág. 22.

[18] *Íd.*, a las págs. 13-16. La víctima estaba casada y vivía con su esposo. No obstante, él falleció con posterioridad a los hechos y antes de la celebración de la vista preliminar. Al momento de su muerte, el 13 de enero de 2024, tenía 80 años. *Íd.*, a la pág. 8.

[19] *Íd.,* a las págs. 16-18, y 28.

Evaluada la transcripción de la prueba oral, no nos cabe duda de que, durante la vista preliminar, el Ministerio Público descargó su responsabilidad de establecer los elementos de la conducta punible (i.e., maltrato a persona de edad avanzada mediante amenaza). En torno al elemento de amenaza y la fecha de su ocurrencia, concluimos que existe una alta probabilidad de que dicha acción responda a tiempos recientes, o previo al periodo prescriptivo de cinco años aplicable a los delitos graves. La víctima testificó que no había denunciado la amenaza con anterioridad y detalló que ocurrió previo al encuentro en el que relata fue golpeada e insultada. Esta última interacción entre el peticionario y la víctima ocurrió el 26 de noviembre de 2023, en el hogar de la víctima.

Así pues, concluimos que el Ministerio Público ostenta la facultad para la enmienda solicitada[20], por lo que el foro primario deberá continuar con los procedimientos. Será la prueba desfilada en juicio la que concluirá si el delito imputado fue cometido. Por tanto, concluimos que el foro primario no erró en su determinación. El peticionario no logró establecer que el defecto de forma enmendado por el Ministerio Público socave sustancialmente el proceso que enfrentará.

IV

A la luz de lo antes expuesto, este Tribunal expide el auto y confirma la determinación del foro recurrido.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] *Véase*, apéndice del recurso, a la pág. 76. *Moción en oposición a la solicitud de desestimación* presentada por el Ministerio Público el 19 de agosto de 2024.