Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>v.<br><br><br>JUAN CARLOS SERRANO MATTA<br><br>Peticionario | KLCE202500120 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso núm.: NSCR201700315, NSCR201700316, NSCR201700317<br><br>Sobre: Art. 93 CP y otros |

Panel integrado por su presidente, el juez Figueroa Cabán, la jueza Brignoni Mártir, y el juez Ronda Del Toro

**Figueroa Cabán, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de marzo de 2025.

Comparece el señor Juan Carlos Serrano Matta, en adelante el señor Serrano o el peticionario, quien solicita que revoquemos la *Resolución* dictada el 6 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala de Fajardo, en adelante TPI. Mediante la misma, este declaró no ha lugar la solicitud de supresión de identificación presentada por el peticionario.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

-I-

En el contexto de un caso criminal en el que se le imputan al señor Serrano violaciones a los artículos 5.04, 5.15 de la *Ley de Armas de 2000* y por el artículo 93 del Código Penal de 2012, el peticionario presentó una *Moción de Supresión de Identificación al Amparo de*

la *Regla 234 de Procedimiento Criminal y el Debido Proceso de Ley*.[1] Adujo, en esencia, que la identificación es sugestiva desde el principio porque se mostraron indebidamente fotografías antes de la identificación regulada por la Regla 252.2 de Procedimiento Criminal.

Por su parte, el Ministerio Público presentó una *Moción en Oposición a "Moción de Supresión de Identificación al Amparo de la Regla 234 de Procedimiento Criminal y el Debido Proceso de Ley"*.[2] Alegó que la identificación en controversia la hizo el testigo Raúl Cedeño "por sí solo", "sin intervención de funcionarios del Estado" y que tiene suficientes garantías de confiabilidad porque sus elementos principales fueron corroborados "por el agente Quiñones Scott al observar imágenes de las cámaras del municipio de Fajardo".[3]

Ante la inminente celebración de la vista de supresión de identificación, el señor Serrano presentó una *Moción Solicitando Conversión del Señalamiento del 29 de octubre de 2024 y en Solicitud de Orden para Citar Testigos de Conformidad a lo Dispuesto en la Ley Núm. 60 del 13 de mayo de 1934*.[4] En esta, destacó que resulta imprescindible la comparecencia de los testigos Cedeño Ramos, por lo cual resultaba necesario suspender el señalamiento pautado y expedir la citación de aquellos conforme lo dispuesto en la Ley Núm. 60 de 13 de mayo de 1934.

---

[1] *Id.*, págs. 27-33.
[2] *Id.*, págs. 22-26.
[3] *Id.*, págs. 24-25.
[4] *Id.*, págs. 19-21.

Así las cosas, el TPI declaró no ha lugar la *Moción Solicitando Conversión del Señalamiento del 29 de octubre de 2024…*[5]

Resuelto que los testigos Cedeño Ramos no estaban disponibles, se celebró la vista de supresión de identificación los días 29 de octubre y 27 de noviembre de 2024. Allí declaró, presencialmente, el agente José Quiñones Scott, más, sin embargo, los testigos Cedeño Ramos declararon "mediante la grabación del testimonio que estos prestaron en el juicio celebrado previamente conforme el Tribunal lo autorizara bajo la Regla 806 de las de Evidencia".[6]

Posteriormente, el foro recurrido declaró no ha lugar la solicitud de supresión de identificación. Determinó "que conforme a la prueba presentada y considerando la totalidad de las circunstancias que rodearon la identificación en este caso, existen suficientes garantías de confiabilidad en la identificación del acusado".[7]

Inconforme con la decisión, el señor Serrano presentó una *Moción Solicitando Reconsideración de la Resolución de Este Honorable Tribunal en Torno a la Moción de Supresión de Identificación al Amparo de la Regla 234 de Procedimiento Criminal y el Debido Proceso de Ley Presentada por Esta Parte*, en la que reiteró la impugnación a su identificación.[8]

Por su parte, el TPI declaró no ha lugar la reconsideración.[9]

---

[5] *Id.*, pág. 18.
[6] *Id.*, pág. 11 (nota al calce 1).
[7] *Id.*, pág. 16.
[8] *Id.*, págs. 3-10.
[9] *Id.*, págs. 1-2.

Nuevamente inconforme, el peticionario presentó un recurso de *certiorari* en el que alega que el TPI cometió los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "NO HA LUGAR" LA MOCIÓN DE SUPRESIÓN DE IDENTIFICACIÓN AL AMPARO DE LA REGLA 234 DE PROCEDIMIENTO CRIMINAL Y EL DEBIDO PROCESO DE LEY A PESAR DE TRATARSE DE UNA IDENTIFICACIÓN ALTAMENTE SUGESTIVA, MACULADA, MANIPULADA, VICIADA, DIRIGIDA Y POCO CONFIABLE.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE SUPRESIÓN DE IDENTIFICACIÓN DEL CASO DE AUTOS A PESAR DE TRATARSE DE UNA IDENTIFICACIÓN ALTAMENTE SUGESTIVA, MACULADA, MANIPULADA, VICIADA, DIRIGIDA Y POCO CONFIABLE QUE SE FUNDAMENTÓ EN LAS GRABACIONES DEL TESTIMONIO DE UNOS TESTIGOS DISPONIBLES Y QUE EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA HABÍA DECLARADO ERRÓNEAMENTE TESTIGOS NO DISPONIBLES VIOLENTÁNDOLE AL PETICIONARIO EL DERECHO A LA CONFRONTACIÓN Y AL CAREO DE TESTIGOS ESENCIALES DE CARGO DEL MINISTERIO PÚBLICO. MÁXIME CUANDO LOS TESTIGOS ESENCIALES DE CARGO HABÍAN SIDO DECLARADOS TESTIGOS NO DISPONIBLES EN CONTRAVENCIÓN A LO ESTABLECIDO EN EL CASO *PUEBLO V. LUGO LÓPEZ*, 2024 TSPR 83 (2024) Y LA APLICACIÓN DE LA LEY UNIFORME PARA ASEGURAR LA ASISTENCIA DE TESTIGOS QUE SE ENCUENTREN EN O FUERA DEL ESTADO LIBRE ASOCIADO EN CASOS CRIMINALES, LEY NÚM. 60 DEL 13 DE MAYO DE 1934; Y LOS CASOS *PUEBLO V. ROSARIO ALLENDE*, 135 DPR 157 (1994) Y *PUEBLO V. ACOSTA ESCOBAR*, 101 DPR 886 (1974) Y A LA SENTENCIA DE ESTE HONORABLE TRIBUNAL DE APELACIONES DEL 22 DE ENERO DE 2025.

Luego de revisar los escritos de las partes, la grabación de los procedimientos y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido

por un tribunal inferior.[10] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[11] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[12]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[10] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[11] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[12] *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[13]

**B.**

La Regla 234 de Procedimiento Criminal es el medio práctico procesal mediante el cual un ciudadano puede reclamar los derechos que consagra el Artículo II, sección 10 de nuestra Constitución.[14] En lo pertinente, dispone que:

La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:

(a)   Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b)   Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c)   Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d)   Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e)   Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f)   Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.[15]

En la moción de supresión de evidencia se deben exponer los hechos precisos o las razones específicas que sostengan el fundamento en que se basa. Corresponde entonces al tribunal examinar la prueba sobre cualquier

---

[13] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.
[14] *Pueblo v. Blase Vázquez*, 148 DPR 618, 627 (1999).
[15] 34 LPRA Ap. II, R. 234.

cuestión de hecho necesaria para la adjudicación de la solicitud.

Ahora bien, una vista donde se discute una moción de supresión de evidencia no es el 'acto del juicio' que contempla nuestro ordenamiento jurídico.[16] Esto es así, ya que en la vista de supresión de evidencia no está en controversia la culpabilidad o inocencia del acusado, sino la legalidad o razonabilidad del registro realizado.[17]

Finalmente, la determinación de suprimir la evidencia le corresponde al tribunal de instancia, pues se trata de una cuestión estrictamente de derecho.[18]

## C.

Nuestro ordenamiento jurídico penal dispone que la determinación de si una prueba es suficiente para sostener una convicción depende de la totalidad de las circunstancias presentes.[19] De esta forma, se ha considerado al proceso de identificación del acusado como una de las etapas más críticas y de mayor importancia en el procedimiento penal. Ello, primordialmente, porque una convicción no puede subsistir sin que exista prueba que vincule al acusado con los hechos delictivos por los que se le acusa.[20]

Lo anterior cobra más pertinencia cuando se considera que "la admisión en evidencia de prueba

---

[16] *Pueblo v. Rivera Rivera*, 117 DPR 283, 289 (1986).
[17] *Id.,* págs. 289-290.
[18] *Pueblo v. Martínez Torres*, 126 DPR 561, 574 (1990).
[19] *Pueblo v. Toro Martínez,* 200 DPR 834, 863-864 (2018); *Pueblo v. Rodríguez Maysonet*, 119 DPR 302, 309 (1987).
[20] *Pueblo v. Toro Martínez, supra*, pág. 856. Véase, además, *Pueblo v. Hernández González*, 175 DPR 274, 289 (2009); E. L. Chiesa Aponte, *Procedimiento Criminal y la Constitución: Etapa Investigativa*, 1.ª ed., San Juan, Ed. SITUM, 2017, pág. 197.

viciada sobre identificación puede constituir una violación al debido proceso de ley".[21]

El gran enemigo de una identificación adecuada es el testimonio sugestivo. Sin embargo, este último no representa *ipso facto* un defecto que vicie fatalmente la identificación. De modo, que la sugestividad "no viola el debido proceso siempre y cuando la identificación tenga suficientes elementos de confiabilidad".[22] En otras palabras, lo importante no es el método utilizado, sino que la misma sea libre, espontánea, y confiable.[23]

Hace casi cinco décadas, el Tribunal Supremo de Puerto Rico, en adelante TSPR, identificó los criterios a considerar al momento de evaluar la adecuada identificación de un sospechoso, a saber: la oportunidad que tuvo el testigo de observar al ofensor al tiempo que cometía el crimen; el grado de atención del testigo; la corrección de la descripción previa del criminal por el testigo; el nivel de certeza demostrado por el testigo en la confrontación; y el tiempo transcurrido entre el crimen y la confrontación.[24]

Con respecto al alcance de la cláusula de confrontación conviene destacar, que es en la etapa del juicio, por ser "el momento realmente culminante y crítico", que "nuestra Constitución establece el derecho de todo acusado a carearse con los testigos de cargo y obtener la comparecencia compulsoria de testigos a su

---

[21] *Pueblo v. Hernández González, supra; Pueblo v. Rodríguez Maysonet*, *supra*, pág. 309.
[22] *Pueblo v. Rodríguez Maysonet*, *supra*, pág. 310.
[23] *Pueblo v. Hernández González*, *supra*, págs. 292-293; *Pueblo v. Mejías*, 160 DPR 86, 93 (2003); *Pueblo v. Rosso Vázquez*, 105 DPR 905, 908 (1997).
[24] *Pueblo v. Peterson Pietersz*, 107 DPR 172, 183 (1978). Véase, además, *Pueblo v. Toro Martínez, supra*, pág. 862; *Pueblo v. Torres Rivera*, 137 DPR 630, 637 (1994); *Pueblo v. Ortiz Pérez*, 123 DPR 216, 223-224 (1989); *Pueblo v. Rey Marrero*, 109 DPR 739, 749 (1980).

favor… Allí es que se adjudica en sus méritos su culpabilidad o inocencia".[25]

Finalmente, nuestro más alto foro ha sostenido que, en apelación, la conclusión del juzgador de hechos sobre la suficiencia de prueba confiable para la identificación de un acusado tiene todo el respeto y validez que ordinariamente se extiende a las determinaciones de hechos. Así, este foro solo habrá de intervenir con dicha apreciación ante un claro indicio de pasión, prejuicio, parcialidad o error manifiesto.[26]

**D.**

La apreciación de la prueba testifical corresponde, inicialmente, al Tribunal de Primera Instancia. Por eso, los tribunales apelativos intervendrán con la misma solo cuando se demuestre que el foro sentenciador incurrió en error manifiesto, pasión, prejuicio o parcialidad.[27] De modo, que las determinaciones de hecho del foro sentenciador no se deben sustituir por el criterio del Tribunal de Apelaciones, salvo que de la prueba surja que el primero no contó con base suficiente para establecer la culpabilidad del acusado más allá de duda razonable.[28]

---

[25] *Pueblo v. Rodríguez Aponte*, 116 DPR 653, 660 (1985). Véase, además, Art. II, Sec. 11, Const. PR, LPRA, Tomo 1, ed. 2023, pág. 359; Const. EE. UU., LPRA, Tomo 1, ed. 2016, pág. 186; *Pueblo v. Cruz Rosario*, 204 DPR 1040, 1048 (2020); E.L. Chiesa Aponte, *Procedimiento criminal y la Constitución: Etapa adjudicativa*, San Juan, Eds. Situm, 2018, págs. 61-62.
[26] *Pueblo v. Ortiz Pérez, supra*, págs. 223-224. Véase, además, *Pueblo v. Toro Martínez, supra*, pág. 859.
[27] *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022); *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 792-793 (2020); *Pueblo v. Irizarry*, 156 DPR 780, 788-789 (2002); *Pueblo v. Roldán López*, 158 DPR 54, 61 (2002).
[28] *Pueblo v. Hernández Doble, supra*, pág. 865; *Gómez Márquez et al. v. El Oriental, supra*, pág. 794; *Pueblo v. Maisonave Rodríguez*, 129 DPR 49, 63 (1991).

**-III-**

Para el peticionario, la identificación fue sugestiva y carente de suficientes indicios de confiabilidad. A su entender, la hermana del occiso manipuló a Raulito al enseñarle fotografías en las que "se le insinuaba que el acusado fue quien participó de los actos contra su padre". Como si lo anterior fuera poco, la identificación en el caso de autos no es confiable, entre otras cosas, porque el testigo no tuvo oportunidad de observar las características físicas del señor Serrano y, además, el tiempo transcurrido entre el día del crimen y la confrontación de fotos fue excesivo.

En cambio, el Ministerio Público aduce que no hubo sugestividad en la identificación del señor Serrano porque el Estado no intervino cuando la tía del menor le mostró varias fotos y al verlas, Raúl Cedeño identificó al peticionario como el que le disparó al occiso. Arguye, además que, el agente describió el lugar de los hechos delictivos como un espacio bien iluminado y que, conforme al testimonio del menor, este tuvo la oportunidad de observar al peticionario al momento del crimen "bastante tiempo como para recordar" a quien afirmó, le quitó una parte de su vida. Finalmente, el Ministerio Público asevera que por las circunstancias en las que ocurrió la identificación, "no cabe hablar de confrontación".

Ahora bien, luego de revisar cuidadosamente los escritos de las partes, la grabación de los procedimientos y los documentos que los acompañan, consideramos que ni el remedio ni la disposición de la *Resolución* recurrida son contrarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

Además, no hay indicio alguno de que el foro sentenciador haya incurrido en prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba. Regla 40 (C) del Reglamento del Tribunal de Apelaciones, *supra*.

Finalmente, no encontramos ninguna situación al amparo de los restantes criterios de la Regla 40 que justifiquen la expedición del auto.

**-IV-**

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones